# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **WILLIAM T. MINCEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 4:08-CV-0165-VEH** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff William T. Mincey (hereinafter "Mr. Mincey" or "Mincey") brings this action pursuant to § 205(g) of the Social Security Act**,** 42 U.S.C. § 405(g).  He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied his application for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI").[1]  Mr. Mincey timely pursued and exhausted his administrative remedies available before the Commissioner.  The case is ripe for

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI).  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]  As discussed below, the court affirms the decision of the Commissioner.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Mincey was a 38-year-old male at the time of his hearing before the Administrative Law Judge (hereinafter "ALJ"). (R. 23). He has a high school education. *Id*. His past work experiences include employment as an iron worker, metal fabricator, and traffic control director. *Id*. Mr. Mincey claims he became disabled on September 5, 2004, due to coronary artery disease, morbid obesity, sleep apnea syndrome, diabetes mellitus, degenerative disc disease of the lumbar spine, possible mild carpel tunnel syndrome, hypertension, and cardiomegaly. (Pl. Brief 4). According to the claimant, his last period of work ended in January 2005, which the ALJ defined as an "unsuccessful work attempt" rather than substantial gainful activity. (R. 17). Mr. Mincey filed his application for a period of disability and DIB on January 12, 2005. (R. 15). He also filed a Title XVI application for SSI on January 12, 2005. *Id*. The Commissioner denied the claim, and Mr. Mincey filed a timely written request for a hearing on July 6, 2005. *Id*. The hearing was held on May 1, 2007. *Id*. The ALJ concluded that Mr. Mincey was not disabled and denied

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

his application on May 21, 2007. (R. 24).

Mr. Mincey filed a Complaint on January 29, 2008, which asks this court to review the ALJ's decision. (Doc. 1). This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the

Regulations promulgated thereunder.[3]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(I-v).  The Commissioner must determine in sequence:

>   (1)   whether the claimant is currently employed;
>   (2)   whether the claimant has a severe impairment;
>   (3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
>   (4)   whether the claimant can perform her past work; and
>   (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2008.

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

Using the above five-step process for disability determination, the ALJ concluded Mincey is not disabled and therefore not entitled to the requested disability benefits. Below is a summary of the ALJ's findings:

**(1)   Employment**

The ALJ found that Mr. Mincey has not engaged in substantial gainful activity since the alleged onset of his disability on September 5, 2004. (R. 17). Additionally, the ALJ found that Mincey is not employed. *Id*.

**(2)   Severe Impairment(s)**

The ALJ found that Mincey does have severe impairments pursuant to 20

C.F.R. § 404.1520(c). *Id.* More specifically, those severe conditions are coronary artery disease; diabetes mellitus; degenerative disc disease of the lumbar spine; and status post coronary artery bypass grafting times three. *Id.*

**(3)   Severe Impairment(s) within Regulations**

The ALJ found that the medically determinable impairments of Mincey, either singularly or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Appendix I, Subpart P, of the Social Security Regulations. (R. 18). The ALJ noted that no evidence exists in the record that Mincey's impairments "cause more than mild to moderate restrictions or would otherwise preclude the claimant from performing work activity or the activities of daily living . . . [and] no treating or examining physician or medical expert has found that [Mincey's] impairments meet or equal any listing." *Id.*

**(4)   Past Relevant Work**

The ALJ found that Mincey is unable to perform any past relevant work under 20 C.F.R. §§ 404.1565 and 416.965. (R. 23). Mincey's past relevant work was as an iron worker, metal fabricator, and traffic control director. *Id.* The vocational expert testified at the hearing that these past jobs require medium to heavy exertional level and are "semi-skilled in nature." *Id.*

**(5)     Capability of Performing Work in the National Economy**

The ALJ found that Mincey retains an RFC to perform sedentary work "with a sit/stand option." (R. 18). This finding was determined by the medical evidence and other evidence under 20 C.F.R. §§ 404.1565 and 416.965. *Id*. The ALJ concluded that this type of work existed in significant numbers in the national economy. (R. 23-24).

The ALJ also relied upon opinion evidence in forming this RFC conclusion. (R. 18). Furthermore, the ALJ used the three-part pain standard in forming this RFC conclusion and also evaluated the intensity, persistence, and limiting effects of Mincey's symptoms to determine the extent to which they limit his ability to do basic work activities. (R. 18-19). In doing so, the ALJ made an adverse finding as to the credibility of Mincey's statements in regard to the intensity, persistence, or functionally limiting effects of pain or other symptoms not substantiated by objective medical evidence. (R. 18-22). The ALJ also discounted parts of the opinion of Dr. Hanson, Mincey's treating physician, because they were inconsistent with the doctor's own records. (R. 21).

## FINDINGS AND HOLDINGS OF THE COURT

The court has carefully reviewed the record and affirms the ALJ's decision. Under the instant circumstances, the evidence in the record is substantial to support

the ALJ's conclusion that Mincey is not disabled and can perform sedentary work.

Mincey bears the ultimate burden of proving his disability. *Bowen v. Eckert*, 482 U.S. 137, 146 n.5 (1987). He must prove in step one that he is not working, which Mincey established, and the ALJ confirmed. (R. 17). He must prove in step two that he has severe medical impairment(s), *Bowen*, 482 U.S. at 146 n.5, which his medical records establish, and the ALJ confirmed. *Id*. At step three, the inquiry is whether Mincey's impairments are listed in Appendix 1 of the Social Security Regulations. *McDaniel*, 800 F.2d at 1030 (citing 20 C.F.R. § 404-P, Appendix 1). The ALJ correctly determined that Mincey's impairments were not of the type listed in the Appendix. (R. 18).

If, as here, a claimant does not suffer from a listed impairment, the process moves to step four, where "inquiry is whether [a claimant], despite his severe impairment, has the residual functional capacity to perform [his] past work." *McDaniel*, 800 F.2d at 1030; *see also* 20 C.F.R. § 416.965. The ALJ in the instant case concluded that Mincey was not able to perform his past work. (R. 23). Finally, upon finding that Mincey could not perform his past work, at step five, the burden shifted to the Commissioner to prove there is other work in the national economy Mincey can perform. *McDaniel*, 800 F.2d at 1030 (citing 20 C.F.R. § 404-P, Appendix 1). The ALJ concluded that there was other work in the national economy

that Mincey could perform. (R. 23-24).

Mincey alleges the ALJ's decision is not supported by substantial evidence and improper legal standards were applied because: (1) the ALJ failed to accord appropriate weight to the opinion of Mincey's treating physician, Dr. Hanson; and (2) the ALJ failed to consider obesity in his disability determination. (Pl. Brief 10). After review, the court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standard.

## ANALYSIS

The court can reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980).[4]

**I.    THE ADMINISTRATIVE LAW JUDGE AFFORDED APPROPRIATE WEIGHT TO THE OPINION OF DR. HANSON, MINCEY'S TREATING PHYSICIAN.**

The ALJ discounted both Dr. Hanson's April 18, 2005 letter declaring Mincey

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

disabled, and the two RFC conclusions of Dr. Hanson.[5] (R. 21). Mincey argues that, in light of the facts of this case, this decision is reversible error. (Pl. Brief 10-12). The court disagrees.

The ALJ can discount a treating physician's opinion, but if he does, he must show good cause for doing so. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The opinion of a treating physician as to a plaintiff's condition and the medical consequences thereof is entitled to deference, absent good cause. *Id*.; *see also* 20 C.F.R. §§ 404.1527, 416.927. "Good cause" in this situation exists when the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding to the opinion of the treating physician; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records or notes. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In the present case, the ALJ adequately articulates his good cause for discounting Dr. Hanson's conclusion as to Mincey's disability when he states, "I find that [Dr. Hanson's] findings are not consistent with his own treating notes and the other objective medical evidence." (R. 21). This falls into the third category of "good cause" as articulated by the Eleventh Circuit in *Phillips*.

---

[5] Dr. Hanson submitted two RFC tests with conclusions on July 11, 2005 and April 12, 2007. The latter RFC test is a copy of the earlier with a note reading "no change," and is both signed and dated by Dr. Hanson.

Dr. Hanson's April 18, 2005 letter states that Mincey is "physically disabled." (R. 192). Additionally, both of Dr. Hanson's RFC reports indicate that he concludes Mincey to be disabled. (R. 187-91, 209-13). However, as the ALJ notes in his decision, Dr. Hanson's conclusions as to Mincey's disability are inconsistent with his own treating notes and records from 2004 through 2007 and the other objective medical evidence present in this case. (R. 21). While the ALJ, when making his RFC determination, must consider Dr. Hanson's opinion, the ALJ makes the final overall RFC determination and also the ultimate determination of disability. 20 C.F.R. § 404.1527(e).

Dr. Hanson's treating notes and records are inconsistent with his opinion that Mincey was disabled. Mincey's exercise stress test report, completed in Dr. Hanson's office on January 12, 2005, reflects a "normal treadmill." (R. 193). On September 11, 2006, Dr. Hanson reported that Mincey said "he [had] been doing well" and was not having any chest pain. (R. 218). He also noted that Mincey was "doing well" on January 11, 2007 (R. 216). On April 12, 2007, Dr. Hanson again reported Mincey was not experiencing any chest pain and that "his blood pressure [was] actually well controlled." (R. 214). The doctor did note Mincey had some decreased breath sounds, but his chest exam was "otherwise clear." *Id*. For all visits by Mincey to Dr. Hanson after his April 18, 2005, letter stating disability, assessments have been

stable, cardiac tests have been normal with no murmurs, EKG tests have shown normal rhythm, and chest tests have been clear except for the noted decreased breath sounds on April 12, 2007. (R. 214-23). As the ALJ notes, "[a]lthough Dr. Hanson found [Mincey's] pain to be moderately severe, there is no evidence even in his own treatment notes that support his findings." (R. 21). As stated above and as the ALJ observes in his decision, Mincey told Dr. Hanson in each of his visits that he had no chest pain or shortness of breath. *Id*.

Based on the above, the ALJ found Dr. Hanson's opinion that Mincey is disabled "to be conclusory and unsupported by his own treatment notes as well as the medical evidence of record." *Id*. Accordingly, the ALJ gave little weight to Dr. Hanson's conclusion on Mincey's disability. *Id*. The ALJ had "good cause" to discount Dr. Hanson's opinion. The ALJ adequately articulated his reasons for discounting Dr. Hanson's opinion, and therefore the ALJ afforded the appropriate weight to Dr. Hanson's opinion.

## II.   THE ADMINISTRATIVE LAW JUDGE PROPERLY CONSIDERED OBESITY IN HIS DISABILITY DETERMINATION

Mincey argues that the ALJ committed reversible error when he failed to consider obesity in his RFC finding. (Pl. Brief 12). Specifically, he disagrees with the ALJ's determination that Mincey can perform sedentary work based in part on the

conclusion that "there is no evidence that [the obesity] would prevent work activity at the sedentary level." (R. 21). Mincey further argues that "even if the ALJ [is] correct that [Mincey's] obesity did not prevent him from doing a limited range of sedentary work, the ALJ is using the wrong standard." (Pl. Brief 13). Mincey argues that the ALJ's decision is in contradiction with Social Security Ruling 02-1p (hereinafter the "Ruling").[6]

First, as Mincey notes in his brief, the ALJ did recognize that Mincey has obesity. (Pl. Brief 12). However, the ALJ then explains why he determines that Mincey's obesity would not prevent Mincey from performing limited sedentary work:

> Although the record indicates episodic periods of chest pain, there is no evidence that it would prevent work activity at the sedentary level. Although the claimant has a history of coronary artery disease, there is no evidence that his symptoms are disabling. He underwent bypass grafting, which appeared to be quite [successful] [sic] in treating his symptoms. Postoperatively, the claimant reported no chest pain or shortness of breath. Therefore, I find that the claimant's obesity does not prevent him from performing a modified range of sedentary work.

(R. 21). The above passage from the ALJ's decision is sufficient evidence that he did consider obesity in combination with Mincey's other impairments in making his

---

[6] The purpose of SSR 02-01p is "to provide guidance on SSA policy concerning the evaluation of obesity in disability claims filed under titles II and XVI of the Social Security Act." SSR 02-01p, 2000 WL 628049, at *1 (S.S.A.).

disability determination in compliance with the Ruling.

Further, even if the ALJ did not consider Mincey's obesity in his decision, this is not reversible error. Question Eight of the Ruling asks: "How do we evaluate obesity in assessing Residual Functional Capacity . . . ." *Id*. at 6. The last sentence of the answer provides that the ALJ "will explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations." *Id*. at 7. Mincey relies on this answer to assert that the ALJ failed to consider obesity in his RFC findings. (Pl. Brief 13). This court has ruled on the issue of obesity before. *See Rivers v. Astrue*, No. 6:07-CV-1001-VEH (N.D. Ala. February 12, 2008) (Doc. 8). As in *Rivers*, the court cannot find any statement in the Ruling or any case law that requires reversal or remand if the ALJ fails to explain his conclusion on obesity. *Id*. (Doc. 8 at 12).

Mincey further argues that the ALJ's failure to include obesity "as a threshold severe impairment at Step Two of the evaluation process" is reversible error. (Pl. Brief 13-14). The Eleventh Circuit has held that "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Applying this standard to the issue of obesity, the ALJ's failure to include obesity as a severe

impairment at Step Two of the five-step process is not reversible error. *See Wind v. Barnhart*, 133 Fed. Appx. 684, 690-91 (11th Cir. 2005) (citing *McCruter*, 791 F.2d at 1547). This court has found that while "obesity should be considered among other impairments," an ALJ does not commit reversible error by not considering it as such, if the record lacks evidence to support that obesity affects a claimant's ability to perform work-related activities. *Rivers*, No. 6:07-CV-1001-VEH (Doc. 8 at 12) (citing *Wind,* 133 Fed. Appx. at 690-91).

Based upon the above reasons, the court finds that the ALJ properly considered the issue of Mincey's obesity in making his disability determination. Alternatively, even if the ALJ did fail to consider obesity, this failure would not constitute reversible error under the facts of this case.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record, and the submissions of the parties, the court finds that the ALJ afforded appropriate weight to the opinion of Dr. Hanson, Mincey's treating physician, and properly considered obesity in his disability determination. Further, the ALJ applied the correct legal standards. Accordingly, the decision of the Commissioner is affirmed.

**DONE** and **ORDERED** this the 31st day of October, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge